IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MATHEW PEHRSON, | § | No. 1:24-cv-01180-DAE |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | |
| | § | |
| OLD AMERICAN COUNTY MUTUAL FIRE INSURANCE COMPANY; DAVIES COMPANY; THE LITTLETON GROUP, A DAVIES COMPANY; WOLTERS KLUWER N.V.; CT CORPORATION SERVICE, NATIONAL REGISTERED AGENTS, INC.; and ZULIMAR NARBAEZ, | § § § § § § § § § § § | |
| *Defendants*. | § | |

ORDER ADOPTING REPORT & RECOMMENDATION, STRIKING
AMENDED COMPLAINT, DENYING MOTION FOR LEAVE TO AMEND,
AND DISMISSING CASE

Before the Court is a Report and Recommendation issued by United States Magistrate Judge Howell on March 27, 2025. (Dkt. # 61.) Also before the Court are the following motions: Plaintiff Mathew Pehrson's Motion for Leave to File Amended Complaint (Dkt. # 66); Plaintiff's Motion to Expedite (Dkt. # 67); Plaintiff's Motion for Clerk's Entry of Default and for Default Judgment (Dkt. # 69); and Defendants Old American County Mutual Fire Insurance Company; the

1

Davies Company; the Littleton Group, a Davies Company; and Zulimar Narbaez's First Amended Motion to Dismiss Pursuant to Rule 12(b)(6) (Dkt. # 70).

The Court finds these matters suitable for disposition without a hearing.  After careful consideration, and for the reasons given below, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. # 61), **STRIKES** the Amended Complaint (Dkt. # 65), **DENIES** Plaintiff's Motion for Leave to File Amended Complaint (Dkt. # 66), **DENIES** all remaining motions as **MOOT**, and **DISMISSES** the case **WITHOUT PREJUDICE**.

## BACKGROUND

Plaintiff filed this action *pro se* on October 2, 2024. (Dkt. # 1.) Plaintiff alleges Defendants conspired to deny an insurance claim related to a car accident involving Plaintiff.  (Dkt. # 1 at 7–9, 19.)  Plaintiff names as defendants Old American County Mutual Fire Insurance Company ("Old American"); the Davies Company; the Littleton Group, a Davies Company (the "Littleton Group"); Wolters Kluwer N.V. ("Wolters"); CT Corporation Service ("CT");[1] National

---

[1] Plaintiff names "CT Corporation Service" in his Complaint.  (Dkt. # 1 at 1.)  CT Corporation *System* asserts, alongside other defendants, it believes no such entity exists and that CT Corporation System is the intended defendant.  (Dkt. # 31, at 1 n.1.)  As the Court adopts the Magistrate Judge's Report, which recommends dismissal of claims against this Defendant for failure to state a claim, the Court refers to this Defendant "CT."

Registered Agents, Inc. ("Registered Agents"); and Zulimar Narbaez ("Narbaez"). (Dkt. # 1.)

Defendants Old American, the Davies Company, the Littleton Group, and Narbaez filed their Motion to Dismiss Pursuant to Rule 12(b)(6) and 12(b)(1) on October 24, 2024. (Dkt. # 30.) Defendants CT and Registered Agents filed their Motion to Dismiss on October 28, 2024. (Dkt. # 31.) On the same day, Defendant Wolters filed its Motion to Dismiss. (Dkt. # 33.) The Court referred those motions to Judge Howell by Text Order on January 7, 2025.

Plaintiff subsequently filed several motions. Those include separate motions for preliminary injunction against Defendants Wolters, CT, Registered Agents, Davies, and Old American which the Court also referred to Judge Howell. (Dkt. ## 50, 51, 52, 56, 58, 59.) The motions for preliminary injunction generally seek to compel those defendants to "obtain a Texas business license and register for an agent of service." (See generally Dkt. ## 50, 51, 52, 56, 58, 59.)

Plaintiff additionally filed a Motion for Leave to File Amended Complaint (Dkt. # 66);[2] a Motion to Expedite (Dkt. # 67); and a Motion for Clerk's

---

[2] Plaintiff initially filed a motion for leave to amend on April 9, 2025, with what appears to have been the proposed amended complaint filed as a separate docket entry. (See Dkt. ## 64, 65.) The Court construes the next motion for leave to amend (Dkt. # 66), filed on April 11, 2025, with the proposed amended complaint attached, as the corrected/operative motion. (See Dkt. ## 64, 65, 66.)

3

Entry of Default and for Judgment (Dkt. # 69).  In response to the motion for leave to amend, Defendants Old American, Davies Company, Littleton Group, and Narbaez filed an Amended Motion to Dismiss Pursuant to Rule 12(b)(6).  (Dkt. # 70.)

The Magistrate Judge issued his Report on Plantiff's Motion for Substitute Service (Dkt. # 26); Defendants' motions to dismiss (Dkt. ## 30, 31, 33); and Plaintiff's motions for preliminary injunctions (Dkt. ## 50, 51, 52, 56, 58, 59) on March 27, 2025, recommending the Court grant Defendants' motions to dismiss and thereby dismiss Plaintiff's claims for failure to state a claim.  (See generally Dkt. # 61.)  The Magistrate Judge further recommends thereafter denying the remaining motions as moot.  Plaintiff filed objections on April 9, 2025.  (Dkt. # 63.)

DISCUSSION

I.    Report & Recommendation

The Court must conduct a *de novo* review of any of the Magistrate Judge's conclusions to which a party has specifically objected.  See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.").  The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider.  Thomas

v. Arn, 474 U.S. 140, 151 (1985).  A district court need not consider "[f]rivolous, conclusive, or general objections."  Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).  "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).  Findings to which no specific objections are made do not require *de novo* review; the Court need only determine whether the Report and Recommendation is clearly erroneous or contrary to law.  United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

Plaintiff first asserts in his objections that he filed an amended complaint to cure deficiencies observed by the Magistrate Judge.  As discussed *infra*, the Amended Complaint (Dkt. # 65) was improperly filed since it was filed without leave of court or consent of the opposing parties.  See Fed. R. Civ. P. 15(a). The Court therefore overrules this objection.

Plaintiff then objects to the Magistrate Judge's interpretation of 42 U.S.C. § 1981 yet also asserts that he did not bring a claim under § 1981.  To the extent any claim is brought under § 1981, the Court finds such claim should be dismissed.  To make out a successful claim under § 1981, "a plaintiff must initially plead and ultimately prove that, but for race, [the plaintiff] would not have suffered the loss of a legally protected right."  Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media, 140 S. Ct. 1009, 1019 (2020); see also Penders v. Saint Edward's

5

Univ., Inc., No. 1:22-CV-178-DAE, 2024 WL 4744060, at *5 (W.D. Tex. Mar. 18, 2024).  Because Plaintiff's Complaint does not allege discrimination based on race, the Complaint fails to state a claim under § 1981.  Moreover, the Court finds Plaintiff's objections as they relate to § 1981 to be moot since Plaintiff himself asserts in his objections that he did not bring a claim for discrimination under § 1981.  (Dkt. # 63 at 2.)

Plaintiff also asserts that individuals and corporations should be held equally accountable whether prosecutorial discretion is exercised to bring a criminal case or if an individual, as here, brings a civil case.  Plaintiff makes this remark with respect to the Magistrate Judge's finding that, as a private citizen, Plaintiff may not initiate a federal criminal prosecution.  The Court does not understand Plaintiff's remark to be an objection to the Report's finding that any purported criminal claims should be dismissed.  But to the extent Plaintiff intends to object to that finding, that objection is overruled given that Plaintiff is a private citizen.

II.     Amending the Complaint

   A. Amendment as a Matter of Course

Under Federal Rule of Civil Procedure 15, a party has 21 days to amend a pleading as a matter of course.  Fed. R. Civ. P. 15(a). To amend a pleading

6

after that period, a party must obtain the opposing party's consent or the Court's permission.  Id.

Plaintiff filed an amended complaint on April 10, 2025—long after the most recent motion to dismiss was filed on October 28, 2024.  (Dkt. # 33.)  It is unclear whether Plaintiff inadvertently filed it separately from his first motion seeking leave to amend, or whether he intended to attach the amended complaint as an exhibit to that motion.  (Dkt. ## 64, 65.)  To the extent he intended to file it separately, it was not properly filed because he had not first obtained leave of court or consent from the opposing parties.  See Fed. R. Civ. P. 15(a); (Dkt. # 65 at 77–78).  The Court therefore **STRIKES** the Amended Complaint (Dkt. # 65).

B. Leave to Amend

"Under Rule 15(a), leave to amend shall be freely given when justice so requires, and should be granted absent some justification for refusal."  Willard v. Humana Health Plan of Tex. Inc., 336 F.3d 375, 386 (5th Cir. 2003) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)) (internal quotation omitted).  However, a court need not grant leave to amend where amendment would be futile.  See Foman, 371 U.S. at 182.  The Fifth Circuit has held that amendment is futile where "the amended complaint would fail to state a claim upon which relief could be granted" under the same standard of legal sufficiency that applies under Rule 12(b)(6).  Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 873 (5th Cir. 2000).

"Whether leave to amend should be granted is entrusted to the sound discretion of the district court, and that court's ruling is reversible only for an abuse of discretion." Lozano v. Ocwen Fed. Bank, FSB, 489 F.3d 636, 644 (5th Cir. 2007) (quoting Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993)).

Plaintiff's proposed Amended Complaint is futile because it fails to state a claim. The proposed amendment asserts that Defendants Old American, Davies Company, the Littleton Group, Wolters, CT, and Registered Agents lack authority to operate in Texas because they "ha[ve] no Texas business license or agent of service on record with the Texas Secretary of State." (Dkt. # 66-1 at 11–17.) Plaintiff appears to bring these assertions to avoid properly serving defendants. Such claims are conclusory and without legal foundation, which indicates the amendment is futile. See Thomas v. Chevron U.S.A., Inc., 832 F.3d 586 (5th Cir. 2016) ("When futility is advanced as the reason for denying an amendment to a complaint, the court is usually denying leave because the theory presented in the amendment lacks legal foundation . . . .") (quoting Jamieson v. Shaw, 772 F.2d 1205, 1208 (5th Cir. 1985) (alteration adopted)).

The remainder of Plaintiff's proposed amendment focuses on claims brought pursuant to 42 U.S.C. § 1981(a). As discussed *supra*, to make out a successful claim under § 1981, "a plaintiff must initially plead and ultimately prove that, but for race, [the plaintiff] would not have suffered the loss of a legally

8

protected right." Comcast Corp., 140 S. Ct. at 1019.  Plaintiff's proposed amendment is devoid of any allegation of discrimination based on race and thus fails to state a § 1981(a) claim.

Because Plaintiff's proposed amendment lacks legal foundation and fails to state a claim, it is futile.  The Court thus **DENIES** Plaintiff's Motion for Leave to File Amended Complaint (Dkt. # 66).

## CONCLUSION

For the reasons above, the Court **ADOPTS** the Report and Recommendation of the Magistrate Judge (Dkt. # 61) and **GRANTS** Defendants' motions to dismiss (Dkt. ## 30, 31, 33).

**IT IS FURTHER ORDERED** that the Amended Complaint (Dkt. # 65) be **STRICKEN** from the record.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Amended Complaint (Dkt. # 66) is **DENIED**.

**IT IS FURTHER ORDERED** that all remaining motions are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that this case is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of the Court is instructed to close the case.

**DATED**: Austin, Texas, June 27, 2025.

_____
David Alan Ezra
Senior United States District Judge